| FILER'S NAME, ADDRESS, PHONE, FAX, EMAIL: | District Court of Guam<br>520 W Soledad Ave Fl 4<br>Hagåtña, Guam 96910 |
|---|---|

| Debtor: | Case No.: |
|---|---|
| Joint Debtor:<br>(if any) | Chapter: |

### APPLICATION TO EMPLOY PROFESSIONAL
**[The professional's verification of disinterestedness must be attached.**
**Attach supplemental statements about other items as necessary.]**

| Name of Professional: | |
|---|---|
| Type of Professional: | |
| To be employed by: | ☐ Trustee ☐ Debtor in Possession ☐ Committee: _____ |
| Briefly state need for employment and describe the services to be rendered: | This professional is needed to carry out the undersigned's duties related to the following:<br><br>☐ If checked, employment is for specified special purpose only under 11 U.S.C. §327(e). |
| Briefly state reason for selection: | |
| Terms and conditions of employment: | |

The undersigned hereby applies for an order approving the employment of the above-named professional as described above. To the best of the applicant's knowledge: [*Check all that apply*]

    ☐ This professional does not hold or represent an interest adverse to the estate, and has no connection with the debtor(s), creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except to the extent described in any statement attached to this application.

    ☐ Employment is for a special purpose only; the attorney does not represent or hold any interest adverse to the debtor(s) or to the estate with respect to the matter on which the attorney is to be employed.

    ☐ Employment is by a committee; the professional does not represent any other entity having an adverse interest in connection with the case.

_____    /s/ _____
Date                      Applicant

## VERIFIED STATEMENT BY PROFESSIONAL

[Attach this statement to the Application to Employ Professional. If filed separately, attach a cover sheet with case caption]

The undersigned hereby declares under penalty of perjury: [*Check all that apply*]

☐ I have no connection with the debtor(s), creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except to the extent that I may be employed by a trustee in unrelated bankruptcy cases or proceedings.

☐ I am being employed for a special purpose only and do not represent or hold any interest adverse to the debtor(s) or to the estate with respect to the matter in which I am to be employed.

☐ I am being employed by a committee and do not represent any other entity having an adverse interest in connection with the case.

☐ The following disclosure is made regarding disinterestedness:

_____        /s/  _____
Date                                   Professional

2

- EXHIBIT "A" -



Law Offices of Mark Williams, P.C.
166 West Marine Corps Drive
102 BankPacific Building
Dededo, Guam 96929
671.637.9620/1
671.637.9660
www.lawofficesofmarkwilliams.com
www.guamlegal.com

April 25, 2021

Beach Resorts, LLC
d.b.a. Hotel Santa Fe Guam

Re:    *Limited Services Agreement*

Hafa Adai:

The Law Offices of Mark Williams, P.C. ("We" or the "Firm") is honored that you have selected us to represent you ("You" or "Client") for the sole purpose of acting as insolvency and bankruptcy counsel.   This agreement will serve to confirm the terms of the Firm's agreement to provide legal advice and representation of You as a Client.

Our objective is to provide the highest quality legal services to our clients at a fair and reasonable cost. This letter agreement ("Agreement") outlines the basis upon which we will provide legal services to you, and confirms our understanding with respect to payment of legal fees, costs and expenses incurred in conjunction with such representation.

We apologize for the formality of this letter agreement, but we believe that it is important for our clients to have a clear understanding of our policies regarding legal fees and costs from the beginning of our relationship. Moreover, many of the provisions of this letter are required or recommended by the standards of the Guam Bar Association and the Code of Professional Responsibility.

Based on the understanding that this office's time is limited and not ordinarily exclusive, and that initial representation in this case is to commence on an expedited basis, effective as of the date of your first communication and consultation with the Firm.  Client also confirms its specific consent to the conduct of all such communications and consultations with Firm by telephone or by online videoconference at anytime.

_____

1. **Scope of Services; Client Duties.** You are hiring us as attorneys to represent you as bankruptcy counsel in a Chapter 11 case. We will keep you informed of the progress of your case and respond to your inquiries. You agree to be truthful with us, to cooperate, to keep us informed of any developments, to abide by this Agreement, to pay our bills, and to keep us advised of your current contact information. It is also understood that Client must identify all known deadlines and impending events requiring prompt or immediate action, such as a court judgment, lien, levy, setoff, execution or foreclosure sale, or any other actions or impending events involving the Client or the Client's property or business, and that all such deadlines or impending events must be brought to the Firm's attention immediately. Additionally, Client specifically consents that all communications may be conducted by telephone or electronic means or by online videoconference at anytime as needed.

SCOPE OF WORK: The Debtors require Bankruptcy Counsel to render the following types of professional services:

a. legal advice with respect to their rights, powers, obligations, and duties as Debtors;
b. Prepetition planning and preparation and advice for maximum legal benefits provided under the law;
c. identification and review of potential assets, property owned and valuation, including causes of action and non-litigation recoveries.
d. The classification and analysis of all business debts, and the liability and priority for each type of debt;
e. Options for curing delinquencies on any secured or priority debts;
f. Analysis of income and budget;
g. Impact of any pending judgment, liens, offsets, levys or garnishment activity;
h. Needs for litigation or other adversarial proceedings as identified to protect Client's rights and interests, subject to the limitations identified below;
i. advice concerning sales, leases and disposition or abandonment of assets and related transaction work;
j. advice in operating the business of the estate concerning the requirements of the bankruptcy code and rules relating to such operations, including employee, vendor, tenant issues and other similar problems and general creditor inquiries;
k. review issues pertaining to severance, retention, 401k coverage, and continuation of pension plans;
l. advice concerning the use of cash collateral, secured claims, and loan documentation analysis;

_____

m. preparation and assistance in the preparation of reports, accounts, applications and orders;

n. advice concerning compliance with the plan confirmation order, related orders and rules, disbursement and case closing activities, and the various post-petition and post-confirmation matters;

The following services are **not** included in the scope of work of this agreement, and such services may be provided only upon separate agreement and are subject to billing at the attorney's hourly rate described herein:

(i) Representation personally or individually, of any members or shareholders or directors of the Client, for which Client has confirmed that such members, shareholders or directors have been advised that they must retain separate and independent counsel for any legal advice or representation;

(ii) Representation or Advice as to rights or claims involving the prosecution or defense of actions pending or brought under state or local law outside of Bankruptcy Court;

(iii) All litigation work, avoidance and related adversarial actions and contested proceedings in Bankruptcy Court;

(iv) Conversion to another Chapter of Bankruptcy;

(v) Attendances at continued meetings or hearings due to Client's failure to appear or provide required documents, statements, reports or information (not a result of Attorney error)

(vi) Amended Petitions or Schedules based on new information provided or confirmed by Client, and not the result of Attorney error.

(vii) Motions to Sell, Encumber, Abandon, Redeem or Value Estate Property

(viii) Motions to Incur Debt

(ix) Defense of Motions for Relief from the Automatic Stay or to Dismiss;

(x) Motions to Enforce the Automatic Stay

(xi) Offers-in-Compromise concerning tax liens, levies, setoffs or seizures

    (xii)    Prosecution of violations under the Fair Debt Collection Practices Act (FDCPA), Truth-in-Lending Act (TILA) and Real Estate Settlement Procedures Act (RESPA)

    (xiii)   Actions brought under 11 U.S.C. § 707

    (xiv)   Rule 2004 Examinations, Depositions or Document Requests;

    (xv)    Filing or Defense of Appeals on behalf of Client;

The parties agree that in the event Client requests assistance with specific matters from time to time beyond the limited scope of the responsibilities set forth above, that the Firm may seek authority for employment of the Firm for such matters in addition to those set forth above, in the discretion of the Firm to undertake such specific matters, including appearances before any Court or agency other than the United States Bankruptcy Court and the United States Trustee, with respect to matters which are in essence disputes or involving issues or the provision of substantive legal advice in areas including but not limited to corporate, securities, tort, labor, insurance or real estate law;

2.    **Initial Deposit, Retainer and Fees.**  Client agrees to pay a sum of money as an initial retainer and fee to secure the availability of the Firm for the services described herein, in the amount of $50,000.00, $25,000.00 of which has been paid concurrent with the execution of this agreement.  Of this amount, such fee and retainer is computed and deemed earned and nonrefundable as follows:

$2,500.00 is deemed earned and not refundable and due upon the evaluation and recommendations resulting from the initial communications and consultations with the Firm, to assure the Firms availability, the analysis and evaluation of all initial information provided for review in your case, related requests, responses, follow-up and status conferences for all information and considerations leading up to and including the opening of your casefile;

an additional $2,500.00 is deemed earned and nonrefundable and due upon completion of the investigation and research needed to identify and render advise to you concerning your legal options available and strategy recommended for your contemplation and consideration, to secure the the maximum legal benefits provided under law, in connection with your non-litigation, litigation and liquidation alternatives, and identification, requirements and issues bearing on your qualification and eligibility and advisability of benefits available to you under the law, based upon your financial circumstances as presented;

_____

an additional $5,000.00 is deemed earned, nonrefundable and due upon the completion and logistics of pre-petition planning for financial reporting, production of information and documents necessary for analysis of property holdings, disposition, recovery and protection, pre-filing and projected revenue, budget and debts, coordination with financial institutions, insurance carriers, and priority creditors, employment applications for other estate professionals and related requirements and inquiries, organization of financial data for required pre-filing reporting and preliminary communications related to anticipated monthly operating reports, disclosures and plan requirements, and related advice and recommendations to support continued business operations in compliance with Title 11 U.S.C.;

an additional $2,500.00 is deemed earned, nonrefundable and due upon the complete preparation for filing, addressing of requests and communications related to creation of a final petition, related First-Day motions, motions to shorten time and to proceed with court approval and an order for relief.

3.    **Association of Counsel.** Firm will have primary responsibility for Client's representation.  Firm may associate other attorneys or legal assistants consistent with 11 USC 327 and 330 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, to provide assistance, based on their level of expertise, their availability for work on the schedule needed, general efficiency of work administration and cost. If at any time you have questions, concerns or criticisms, please contact the Firm at once.

4.    **Retainer.** For us to begin our representation, we require a retainer in the amount of $26,717.00, which includes the $1,717.00 filing fee. This retainer will be deposited in our attorney trust account but we may draw on it, up to its full amount, as and when we deem appropriate, subject to Court approval of post-petition fees. You agree to advance additional retainers as requested. If any portion of the amount paid is deemed not earned when paid, you grant us an attorney's lien on such funds to the extent of our fees and costs. Any unused portion of the retainer at the conclusion of our representation will be refunded to you or the party who advanced it. All payments must be in the form of a cashier's or treasurer's check or money order. Personal checks are not accepted.

5.    **Legal Fees and Billing Practices.** The Code of Professional Responsibility referred to above suggests that professional fees reflect a number of factors, including the number of attorney hours incurred, the relative experience of the attorney(s) performing the services, the difficulty of the matter, and the results obtained for the

client. Our professional fees are usually determined by multiplying the actual number of hours incurred by the hourly billing rate. However, in accordance with the Code of Professional Responsibility, we reserve the right, subject to Court approval, to make upward or downward adjustments to these hourly determinations as may be appropriate given the circumstances. From time to time, our hourly billing rates will change. We will notify you of any changes in the firm's hourly rate structure. The minimum billing unit is one-tenth of an hour, and services will be recorded and billed in one-tenth of an hour increments.

We will charge you for all activities undertaken in providing legal services to you under this Agreement, including but not limited to the following: conferences, including preparation and participation; preparation and review of correspondence, e-mail and other documents; legal research and analysis; court and other appearances, including preparation and participation; and communications, including communications with you, other attorneys or persons involved with this matter, governmental agencies and any other party or person contact with whom is advisable for our representation. The legal personnel assigned to this matter may confer among themselves about the matter, as required. When they do confer, each will charge for the time expended. If more than one of our legal personnel attends a meeting, court hearing or other proceeding, each will charge for the time spent only if it is necessary in our judgment to have two or more personnel at the meeting, hearing or proceeding. We charge for waiting and travel time, both local and out of town.

Currently our hourly rates range from $85.00 per hour for paralegals/legal assistants to $350.00 for attorneys. You agree to pay our fees and costs based upon our then prevailing hourly rates and charges at the time the services are rendered.

You hereby acknowledge the Firm does not keep Client's original documents, and consents to the provision of the Client's case file in digital format upon request or at the end of representation, and further consents to the destruction of Client's case file at the end of representation, and agree that Firm shall have no liability for destroying any records, documents, or exhibits still in its possession and relating to this matter at the end of representation. All future work for you in other matters will be handled in accordance with this Agreement at our regular hourly rates unless otherwise agreed upon.

6. **Costs and Other Charges.** We will incur various costs and expenses in the normal course of performing legal services under this Agreement. Costs and expenses commonly include filing and recordation fees, court reporters' fees, computer legal research, messenger and other delivery services, postage, parking and other local travel expenses, telecopying, photocopying and other reproduction costs. You agree to pay transportation, meals, lodging and all other costs of any necessary travel by our personnel. You will be charged the hourly rates for the time we spend traveling, both local and out of town. You also agree to pay for charges such as expert witness fees, title insurance fees, consultant and investigator fees, and the like. Photocopying is currently billed at $0.25 per page and motor travel at $0.75 per mile. The Chapter 11 filing fee is $1,717.00, which will be paid as part of the initial retainer.

7. **Billing Statements.** We will send you statements indicating fees and costs incurred and their basis, any amounts applied from the retainer, and any current balance owed. The billing statement will also list professionals who have worked on your matter for that billing period with their hourly billing rates. Should you have any questions concerning any statement, we encourage you to discuss them with us so that we may have an opportunity to resolve any misunderstandings in a mutually agreeable manner. Statements are due on receipt. If a statement or fee award is not paid within 30 days of billing, late fees shall accrue on the unpaid balance at the rate of one percent (1%) per month. If legal action is taken to recover any amounts due under this Agreement, you agree to pay all our costs of collection, and an attorney's fees of one-third of the total amount due, even if the proceeding is brought by a member of the Firm on the Firm's behalf.

8. **Chapter 11 Filing.** The ultimate fees to be awarded the Firm for its representation of Client in the Chapter 11 case must be approved by the Bankruptcy Court. Interim applications for compensation and reimbursement of expenses will be filed by the Firm with the Bankruptcy Court to obtain authorization for further payment. Generally, interim applications are made on a quarterly basis, but may be submitted more or less often. You agree to pay any award of compensation upon the entry of a Court order authorizing such award.

You agree that you shall perform fully and conscientiously all the statutory duties of the Debtor and Debtor in Possession under the Bankruptcy Code and shall timely comply with all reasonable requests for information or reports by the U.S. Trustee, any Creditor's Committee, and the Firm. These duties include, but are not limited to,

---

gathering and reviewing all of the information necessary for filing a complete and accurate list of all assets, creditors, a schedule of executory contracts and unexpired leases, the Statement of Financial Affairs, and the Statement of Current Income and Expenses. Client further acknowledges having received a listing to assist the Firm in completing such documents, and agrees to timely, completely, and accurately complete and provide the information and documents in this listing.

9.     **Discharge and Withdrawal.** You may discharge us at any time and, once your case is filed, we may withdraw from your representation only after approval by the Court. Reasons for our withdrawal include, but are not limited to, your breach of this Agreement, your failure to pay our bills as they become due, your refusal to cooperate with us or follow our advice on a material matter, or any fact or circumstance that would render our continuing representation of you unlawful, unethical or impracticable.

When our services conclude, all unpaid charges will immediately become due and payable. At such time, we will, upon written request, deliver your file to you along with any funds or property of yours in our possession. The work product produced in the course of our representation will remain our property. Upon cessation of our active involvement in any particular matter, even if we continue to represent you in other matters, we will have no duty to inform you of future developments, deadlines or changes in the law.

10.     **Disclaimer of Guarantee; Risks.** Nothing in this Agreement should be construed as a promise or guarantee about the outcome of any matter that we are handling on your behalf. Our comments about the outcome of matters pertaining to you are expressions of opinion only. There are risks in filing for bankruptcy, including the possible liquidation or loss of property. You also understand that the bankruptcy law is subject to different interpretations and that there are inherent risks in how Courts will apply various provisions. In a Chapter 11 case you cannot dismiss your case without prior Court approval, and the case can be converted to Chapter 7 without your approval.

11.     **Social Media and Communications.** We strongly encourage you not to participate in social media (Facebook, Twitter, Tumblr, Flickr, Instagram, etc.) during the course of representation. Information found on social media websites is not private, can be discoverable, and may be potentially damaging to your interests. Given this, we advise you not to communicate with us on any device provided by your employer or any computer, smart phone, or other device that is shared with someone else. In addition

when communicating with us, do not use your work email address or a shared email account. You should only use a private email account that is password protected and only accessed from your personal smart phone or computer.

12. **Alternative Dispute Resolution.** Any dispute or controversy between the Firm and Client arising out of this contract, shall be resolved first through mediation, and if such dispute, controversy or claim cannot be settled and resolved through informal negotiation, the parties will first try in good faith to settle such dispute, controversy or claim through mediation. Any issue or claim not resolved by mediation shall be referred to arbitration. The mediator and if necessary, the arbitrator, shall be mutually agreed to by the parties and shall be a professional mediator or arbitrator (as the case may be). Failing such agreement, the mediator or arbitrator shall be appointed by the Court. Any matter that results in court involvement shall be decided by a Judge of the Superior Court of Guam sitting without a jury. Client and Attorney hereby expressly waive any right to a jury trial in this regard.

13. **Entire Agreement.** This letter contains all of the terms of the agreement between us applicable to our representation and may not be modified except by a written agreement signed by both of us. There are no promises, terms, conditions or obligations applicable to our representation hereunder, except as expressly set forth in this Agreement, and the terms hereof supersede any previous oral or written agreements between us with respect to our representation hereunder.

14. **Effective Date.** Please confirm that this letter accurately reflects our agreement, and that you understand and waive any potential conflicts of interest, by signing the duplicate copy of this Agreement and returning it to us along with your retainer amount stated above. The representation covered by this Agreement commences only upon the receipt by this office of such items.

If you have any questions concerning the provisions of this Agreement, please do not hesitate to call me. We look forward to the privilege of working with you.

Sincerely yours,

LAW OFFICES OF MARK WILLIAMS, P.C.

By:  /s/ Mark Williams

Beach Resorts, LLC
d.b.a. Hotel Santa Fe Guam
April 25, 2021
Page 10

_____

**ACKNOWLEDGMENTS:** By signing below, Client further acknowledges being advised of the following:
- That the Firm's time is limited.
- That it is the Client's responsibility to make any payments necessary to the Trustee or pursuant to a proposed plan of reorganization, including any direct payments due or actions required to secured or priority creditors;
- That the Client has been given a list of documents and information along with this agreement which identifies that which is needed to file this case, and agrees to provide this promptly, and understands that the Firm cannot proceed without such information and documents.
- That the Client must obey all Orders of Courts with competent jurisdiction.
- That Client has received a copy of this Agreement.

UNDERSTOOD AND AGREED TO:

BEACH RESORTS LLC., d.b.a. Hotel Santa Fe Guam

_____          4/30/2021
BARTLEY JACKSON, its authorized representative          Date