**Mark Williams, Esq.**
**LAW OFFICES OF MARK E. WILLIAMS, P.C.**
**Suite 102, BankPacific Building**
**166 West Marine Corps Drive**
**Dededo, Guam 96929**
**Telephone: 637-9620**
**Facsimile: 637-9660**

## IN THE DISTRICT COURT OF GUAM
## BANKRUPTCY DIVISION

| | |
|---|---|
| In Re: | ) BC CASE NO. _____ |
| | ) |
| **BEACH RESORTS, LLC** | ) |
| | ) MOTION TO ALLOW THE USE |
| **Debtor-in-Possession.** | ) OF CASH COLLATERAL |
| | ) |
| _____ | ) |

The Debtor filed a petition under Chapter 11 of Title 11, United States Bankruptcy Code ("Bankruptcy Code") on ___July 27, 2021___ (the "Petition Date"), and are currently Debtors-in-Possession.

The Debtor-in-Possession has continued in the management of their business and possession of their property pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

As of the Petition Date, Debtor is indebted under a secured debt agreement with the Bank of Guam, and a recorded tax lien by the Guam Department of Revenue and Taxation. (hereinafter referred to collectively as "Pre-Petition Secured Debts").

The Debtor-in-Possession respectfully presents that it is in critical need of its cash funds on deposit during the pendency of their Chapter 11 case, in order to provide the Debtor-in-Possession with the funds to use for the general operation of their business, to meet the needs for working capital, and for such other general corporate purposes permitted by law. Debtor-

in-Possession must rely on these deposits, none of which is subject to the restrictions applicable to the use of Cash Collateral, as defined under Section 363(a) of the Code.

The Debtor-in-Possession further proposes to account in writing for all expenditures and receipts to the creditors on a monthly basis and to the Court during the pendency of the subject case, and to incur no major expenses without prior written consent of the Court.

It is in the best interests of the Chapter 11 estate and to all creditors in this matter that the Debtor-in-Possession's business be kept in good condition, and continue to operate.

To insure that advances necessary to permit the orderly continuation of the operation of the business of the Debtor-in-Possession, and the management and preservation of its assets, to maintain business relationships with vendors, suppliers and customers, and to have the funds necessary to pay post-petition payroll, payroll taxes, utilities, insurance, overhead and other expenses, it is necessary for the Debtor-in-Possession be authorized to use its Cash to obtain sufficient working capital and liquidity required to preserve and maintain the going concern values of the Debtor-in-Possession, and to a successful reorganization in this case.

WHEREFORE, the Debtor-in-Possession moves this Honorable Court for an Order authorizing the Debtors to use Cash Collateral as described in this motion, effective as of July 27, 2021, and upon the terms and conditions set forth herein, to utilize proceeds from it's ongoing business operations, including any cash proceeds from such and accounts receivable. The Debtor-in-Possession prays to use such proceeds to meet normal and customary operating expenses associated with business of the Debtor-in-Possession.

Dated: **July 27, 2021**     /s/ Mark Williams
                             Attorney for the Debtor-in-Possession